INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 92–03–00137

(Dated January 6, 1995)

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington, Mary T. Staley)* for plaintiffs International Brotherhood of Electrical Workers; International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers (AFL-CIO/CLC); Independent Radionic Workers of America; and Industrial Union Department (AFL-CIO).

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis),* Rebecca Rejtman, Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*White & Case (William J. Clinton, David E. Bond* and *Anna-Marie Christello-Roop)* for defendant-intervenor Proton Electronic Industrial Co., Ltd.

OPINION

RESTANI, *Judge:* This action contests the final results of the sixth administrative review of an antidumping duty order. The challenged determination is *Color Television Receivers. Except for Monitors, from Taiwan,* 57 Fed. Reg. 3740 (Dep't Comm. 1992). The issue before the court is whether the United States Department of Commerce is now using a proper methodology under 19 U.S.C. § 1677a(d)(1)(C) (1988) for computing an adjustment to United States Price ("USP") for a value added tax forgiven upon export of the televisions.

Commerce's new methodology applies the home market tax rate to the exported merchandise at the same point in the U.S. chain of commerce as the foreign tax is applied in the home market. The VAT USP adjustment is also calculated in a manner that accounts for the difference between the home market tax base and U.S. tax base caused by import duties and their drawback or non-collection. This methodology has been approved in several cases. *See, e.g., Independent Radionic Workers of America v. United States,* 862 F. Supp. 422, 426 (Ct. Int'l Trade 1994); *Avesta Sheffield, Inc. v. United States,* Slip Op. 94–53 (Mar. 31, 1994). The remand requested by defendant shall be conducted in accordance with these decisions.

The results of the remand are due within 45 days hereof. Any objections and responses to such objections shall be filed within 11 and 5 days thereafter, respectively.